IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015


MATTHEW DIXON v. STATE OF TENNESSEE


Appeal from the Criminal Court for Shelby County
No. 9802267, 9802268, 9802269, 9802270     James M. Lammey, Judge

_____

No. W2015-00130-CCA-R3-PC  -  Filed October 21, 2015
_____


The petitioner, Mathew Dixon, appeals the summary dismissal of his petition to reopen his petition for post-conviction relief as time-barred.  The petitioner was convicted of first degree murder and two counts of especially aggravated kidnapping.  He subsequently filed both a direct appeal and a petition for post-conviction relief in his case.  He has now filed the instant petition to reopen his petition for post-conviction relief, alleging a later-arising claim.  Specifically, he contends that he subsequently learned that a witness at trial against him had an agreement with the prosecution.  He contends that the post-conviction court erred in not finding that the statute of limitations should be tolled.  Following review of the record, we conclude we are without jurisdiction to review the challenged issue.  Accordingly, the summary dismissal is affirmed.


Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Matthew Dixon, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Bryce Phillips, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

## Procedural History and Factual Background

The history of the petitioner's case was summarized by this court in an opinion denying post-conviction relief as follows:

Following a jury trial, the Petitioner was convicted of premeditated first degree murder and two counts of especially aggravated kidnapping. *See State v. Mickens*, 123 S.W.3d 355, 361 (Tenn. Crim. App. 2003), *perm. to appeal denied*, (Tenn. 2003) (consolidated appeal of the Petitioner and his co-defendants Corey Mickens, Christopher Smith, and Choncey Jones). He was sentenced to life without the possibility of parole for the murder and to two consecutive thirty-two-year, six-month sentences for the especially aggravated kidnappings. *Id*.

On direct appeal, this Court set out the factual circumstances surrounding the Petitioner's crimes. *See id*. at 362-68. He was a member of the Memphis chapter of the "Gangster Disciples," a national gang of criminals headquartered in Chicago. *See id*. at 363. Part of the gang's organization was the existence of set punishments administered to gang members who violated gang rules. *See id*. at 363-64. The victims in this case, Marshall Shipp and Ricky Aldridge, were gang members who were punished for violating gang rules. *See id*. at 364. Shipp broke a rule by being insubordinate to a superior, and Aldridge committed a violation by "firing on" other gang members. *See id*.

An eyewitness testified that the gang's high-ranking members in Memphis ordered that the victims be punished for their rule violations. *See id*. Victim Aldridge testified that the Petitioner was present and participated in "arresting" the victims and administering their punishments. *See id* at 366. According to Aldridge, the Petitioner, along with several other gangsters, forced the victims into their car at gunpoint, transported them to a secluded park in South Memphis, and then beat Shipp severely by striking him repeatedly for several minutes with baseball bats and a tire iron before shooting him in the buttocks with a pistol. *See id*. at 366-67. Aldridge was also beaten by the mob for approximately six minutes, but no weapons were used to beat him. *Id*. at 367. Shipp was left for dead, and Aldridge was eventually allowed to leave. *See id*. Aldridge returned to the park later and took Shipp to a hospital where he died two days later. *Id*. The petitioner did not testify at his trial. *See id*. at 362-68.

This Court affirmed the Petitioner's convictions on direct appeal, and our supreme court denied his application for permission to appeal. *Id.*

*Matthew Dixon v. State*, No. W2007-01091-CCA-R3-PC, 2008 WL 2673237, at *1 (Tenn. Crim. App. July 8, 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008). At the trial, Robert Walker, one of the two chiefs of security for the Memphis Gangster Disciples, testified regarding the hierarchy and structure of the group. He also detailed the group's rules and punishments for the jury. Mr. Walker also offered specific testimony about the instant case. He was present when Mr. Shipp's violations were discussed with the Memphis overseer, Mr. Phillips, on three separate occasions. The order to kill another member had to be given by Mr. Phillips pursuant to the rules of the gang. Mr. Walker also testified that both Timothy and Ricky Aldridge were also supposed to be killed. *Mickens et al.*, 123 S.W.3d at 363-65.

Following the affirmance of his convictions, the petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel because: (1) trial counsel failed to investigate the "facts" prior to trial; (2) trial counsel failed to properly cross-examine witnesses at trial; and (3) trial counsel did not adequately consult with the petitioner prior to trial. In affirming the denial of post-conviction relief, this court made the following statements:

> In this case, the Petitioner first asserts that trial counsel was ineffective because he did not interview "key witnesses" prior to trial. The post-conviction court addressed this argument in its detailed order denying post-conviction relief, finding as follows:
>
>> [Trial counsel] testified that he had the testimony of witnesses from the previous trial and the preliminary hearing in addition to interviews provided by the other defense counsel's investigators and reports made by his own investigators. Counsel testified that he interviewed witnesses that would speak to him and "he had a file on every witness who took the stand, either with a prior statement or prior testimony." Petitioner's claim is therefore without merit.
>
> The record supports the post-conviction court's findings. Moreover, the Petitioner has made no argument regarding how further pre-trial interviews with the State's witnesses would have affected the outcome of his trial. Consequently, he has failed to demonstrate how he was prejudiced by any alleged deficiency in this regard, and therefore, the Petitioner's claim that trial counsel was ineffective for failing to interview witnesses is

without merit.  *See* Tenn. Code Ann. § 40-30-110(f); *Burns*, 6 S.W.3d at 461.

Secondly, the Petitioner asserts that trial counsel was ineffective for failing to "adequately cross-examine the State's witnesses during trial." More specifically, the Petitioner broadly asserts that trial counsel knew only one of the State's witnesses (Aldridge) would testify to his presence at the scene of the crime and that trial counsel did not properly impeach him. The post-conviction court also addressed this argument in its written order denying relief:

> [Trial counsel's] strategy to impeach only witnesses that placed Petitioner on the scene using their prior conflicting statements was reasonable under the circumstances and rises to the "range of competence demanded of an attorney in a criminal case." *Baxter* [523 S.W.2d] at 936. *Further, Petitioner has offered no evidence showing that failing to impeach a witness prejudiced his trial. Strickland*, [466 U.S.] at 695. [T]his court will not second guess counsel's reasonable tactical decision to avoid cross-examining witnesses that did not mention Petitioner. (emphasis added).

We agree with the post-conviction court:  no showing of prejudice has been made and this issue has no merit.  *See* Tenn. Code Ann. § 40-35-110(f); *Burns*, 6 S.W.3d at 461.

Thirdly, the Petitioner asserts that trial counsel was ineffective because he "failed to properly consult with [the Petitioner] prior to trial." In support of this contention, the Petitioner relies on his testimony presented at the post-conviction hearing, asserting that it established "a complete lack of communication between [the Petitioner] and trial counsel."  However, trial counsel testified that he met with the Petitioner "regularly."  Trial counsel also explained that he went over the testimony of the State's witnesses and his defense strategy with the Petitioner.  The post-conviction court accredited the testimony of trial counsel by finding that "[t]here is nothing in the record or in Petitioner's testimony that would substantiate Petitioner's contention that the lack of [a greater] number of meetings with Petitioner directly and adversely affected the outcome of his trial."  The record supports the finding of the post-conviction court.  Again, the Petitioner has not demonstrated how he was prejudiced by the allegedly

deficient pre-trial consultations with trial counsel. Accordingly, this issue also has no merit. *See* Tenn. Code Ann. § 40-30-110(f); *Burns*, 6 S.W.3d at 461.

Lastly, the Petitioner argues that the cumulative effect of the errors made by the post-conviction court resulted in prejudicial error, warranting a new trial. However, because we have found no error in the proceedings below, the Petitioner is not entitled to relief on the basis of cumulative error. We conclude that the Petitioner established neither deficient representation by counsel nor prejudice from the shortcomings which he alleged.

*Dixon*, 2008 WL 2673237, at \*5-6.

Approximately six years after the denial of post-conviction relief, on August 25, 2014, the petitioner filed the instant petition before the court. In the petition, the petitioner alleges that he subsequently learned that Robert Walker had a secret deal with the prosecution for a more favorable plea agreement in exchange for his testimony against the petitioner. According to the petitioner, the claim involves the prosecution's suppression and withholding of exculpatory evidence, as well as the introduction of false and misleading evidence at trial. These claims all relate to the fact that Mr. Walker received a more favorable plea agreement for his testimony against the petitioner and other members of the Gangster Disciples. The petitioner characterizes that information as a "later-arising" claim which entitles him to post-conviction relief. The record does establish that Mr. Walker testified at the petitioner's trial and stated that there was no deal in place with the State at that time, although he did hope for consideration in charges against him in exchange for his testimony. In 1998, he also testified before a federal grand jury regarding the hierarchy of the organization and the circumstances in this case. Mr. Walker again stated that there was no specific plea agreement in place, but he had discussed the matter with the State and hoped for consideration.

The record further indicates that Mr. Walker did in fact have two aggravated robbery charges pending against him from October 1997. In November 1999, Mr. Walker pled guilty to the lesser crime of facilitation of robbery. During the hearing, the trial court stated that it accepted Mr. Walker's pleas based upon his "extraordinary testimony" in several cases, which put Mr. Walker in danger.

The post-conviction court entered an order summarily dismissing the petition on November 24, 2014, finding that the petition was time-barred and that the petitioner had not stated a valid basis for tolling the statute of limitations. On December 15, 2014, the

petitioner filed a Rule 3 Notice of Appeal challenging the post-conviction court's dismissal.

## Analysis

The petitioner contends on appeal that the post-conviction court erred in dismissing his petition for relief. As an initial matter, the State contends that this court is without jurisdiction to review the issue because the petitioner failed to follow the proper requirements for filing an appeal of this nature. In the alternative, the State asserts that the petitioner is not entitled to relief.

Before we begin our review, we must first address the nature of the petition before us. The petitioner filed a document which he characterized as a "Petition for Post-Conviction Relief Alleging a Later Arising Claim." In that petition, his argument centers around the fact that due process requires a tolling of the statute of limitations because he did not become aware of the underlying basis of the claim, *i.e.*, the alleged deal between the State and Mr. Walker, until recently. However, his argument ignores that only one petition for post-conviction relief may be filed. T.C.A. § 40-30-102(c) (2010). Indeed, if a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. *Id*. The record demonstrates that the petitioner has previously filed a timely post-conviction petition in this case. Relief was denied in the post-conviction court, and the decision was affirmed on appeal. *Dixon*, 2008 WL 2673237, at *1. As such, he is not now entitled to file a second petition for relief.

The only manner in which the petitioner could seek relief pursuant to the post-conviction statute would be to file a motion to reopen his original post-conviction petition. The post-conviction court properly treated the petitioner's filing as a motion to reopen in this case despite the petitioner's styling. After reviewing the petition, the court entered an order dismissing the motion, finding that it was filed outside the applicable statute of limitations and that the petitioner had established no basis which would require tolling.

Having concluded the nature of the motion before us, we turn to the State's argument that this court is without jurisdiction to review the issue because the petitioner failed to follow the statutory procedure to appeal the denial of a motion to reopen a post-conviction petition. It is not disputed that the petitioner filed a "Notice of Appeal" in the Shelby County Criminal Court. The document reads as follows: "Comes now, the petitioner, . . . Pro Se, and hereby gives notice to appeal the Post-Conviction judgment order that was entered on November 24[th], 2014 . . . Denying his Pro-Se petition for post-conviction relief." The document is filed stamped December 15, 2014.

6

However, a petitioner has no appeal as of right from the post-conviction court's denial of a motion to reopen a post-conviction petition proceeding. *See Charles W. Elsea, Jr. v. State*, No. E2012-01661-CCA-R3-PC, 2013 WL 1279178, at \*2 (Tenn. Crim. App. Mar. 28, 2013). Tennessee Code Annotated section 40-30-117(e), which governs appeals from the denial of a motion to reopen a post-conviction proceeding, provides:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by orders of all the documents filed by both parties in the trial court and the order denying the motion.

T.C.A. § 40-30-117(e); *see* Tenn. Sup. Cr. R. 28 § 10(B). The Tennessee Supreme Court has summarized the requirements of the statute, stating that it "outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing; (2) the place of filing; (3) the application to be filed; and (4) the attachments to the application." *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002). In order for a pleading entitled "Notice of Appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Id*. at 691 (citing as examples Tenn. R. App. P. 9(d), 10(c), and 11(b)). When a petitioner fails to follow the statutory requirements for seeking review of a denial of a motion to reopen, this court is without jurisdiction to consider the appeal. *Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at \*2 (Tenn. Crim. App. Dec. 31, 2003) (citing *John Harold Williams, Jr., v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at \*1 (Tenn. Crim. App. Mar. 23, 2000)).

Here, the petitioner's "Notice of Appeal" cannot be treated as an application for permission to appeal the denial of a motion to reopen. Although the notice did comply with the requirements that an application be filed within thirty days and stated the date and judgment from which it sought review, it did not comply with any other criteria. The petitioner filed the notice in the trial court instead of with this court as required by Tennessee Code Annotated section 40-30-117(e). Moreover, the notice did not state the issues for review or the reasons why the petitioner deserved relief. Additionally, the petitioner did not attach the required documents to the filing. Therefore, we must conclude that the petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

7

## CONCLUSION

Based upon the foregoing, we affirm the post-conviction court's summary dismissal of the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE